Keating, J.
James and Joan Lappert were married in 1948. They had two children, a son born in 1951, and a daughter, born in 1953. In 1963, the couple separated. Joan Lappert subsequently brought an action for separation in Supreme Court, Queens County.
The judgment therein, entered on July 13,1964, provided inter alla that James pay Joan 50% of his gross income, on a weekly basis. ‘The judgment also granted custody of the children to the wife and provided that J ames might visit them at all times upon reasonable notice.
Three days later, on July 17, 1964, the parties entered into an agreement which provides that each will obey the separation judgment. It sets forth, in substance, the alimony and support provisions of the judgment. It states that all the other provi *367 sions of the separation judgment are incorporated therein, and provides that it shall not merge in any decree of divorce.
Joan subsequently sued her husband for divorce in Mexico. He personally appeared in the action. The decree of divorce, rendered by the Mexican court on July 23,1964, incorporated the separation agreement and provided that it did not merge in the decree, but survived it.
Two years later, in July, 1966, the defendant husband moved to delete the alimony and support provisions contained in the separation judgment. His wife cross-moved for an order adjudging him in contempt. At Special Term the husband’s motion to delete was granted and the wife’s motion denied.
The Appellate Division (Second Department) reversed, denying the husband’s motion to delete, without prejudice to renewal in one respect not before us on this appeal, and remanding the wife’s cross motion for contempt, for a determination on the merits. It certified to this court the question whether its order was properly made.
The issue for our determination is whether the defendant is entitled to deletion of the provisions for support and alimony on the ground that the divorce decree overrides them.
In Lynn v. Lynn (302 N. Y. 193) we defined the effect of a foreign divorce decree on a New York separation judgment. In that case, the wife was awarded alimony in a New York separation judgment. The husband subsequently sued for divorce in Nevada, and the wife appeared in the action. The subsequent Nevada divorce decree contained no alimony provision. We held that, since the wife had appeared in the divorce action,[1] the Nevada court had jurisdiction to adjudicate her personal right to alimony. We stated that, under these circumstances, i.e., where the court rendering the divorce decree has personal jurisdiction over the wife: “ [N]o right of support can survive except as awarded by the final decree of divorce or by an authorized amendment to such decree.” (Lynn v. Lynn, supra, p. 203; emphasis added.)
We expressed our rationale in Lynn v. Lynn (supra, p. 206) thus: ‘ ‘ The additional factor present in this case operated to give the Nevada court jurisdiction of the wife’s person and, by *368 that token, vested that tribunal with power to adjudicate the wife’s right of support as well as the parties’ marital status.”
Since Mrs. Lappert brought the Mexican divorce action, thereby submitting her personal right to support to the jurisdiction of the Mexican court, it was empowered to adjudicate her right to support. Embodying the terms of the separation agreement in the divorce decree, it granted her the same alimony which the separation judgment had awarded her.[2]
There now stands a Mexican divorce decree procured by the wife and a New York separation judgment, also procured by her, which contain the same alimony and support provisions. In accordance with Lynn v. Lynn (supra) Mrs. Lappert’s right of support would not appear to survive “ except as awarded by the final decree of divorce ”.[3]
It would perhaps be possible to recognize the Mexican divorce as having dissolved the marriage, but refuse to recognize it insofar as it adjudicated the personal rights and obligations of alimony and support. The reasoning of Rosenstiel v. Rosenstiel (16 N Y 2d 64), however, would not support such a distinction. Under Lynn v. Lynn (supra) we would recognize a Nevada court’s right to adjudicate these personal rights where both parties have appeared. In comparing the jurisdiction requirements of Nevada and Mexico, we stated: “ [W]here a New York spouse goes elsewhere to establish a synthetic domicile to meet technical acceptance of a matrimonial suit, our public interest is not affected differently by a formality of one day than by a formality of six weeks.” (Rosenstiel v. Rosenstiel, supra, p. 73.)
It would, therefore, seem improper under the reasoning contained in Rosenstiel (supra) to apply a different rule with respect to Mexican divorces than we do under Lynn v. Lynn (supra) to divorces rendered in a sister State.
The respondent wife contends, however, that this case is distinguishable from those stating the general rule, by reason of *369 paragraph 7 of the New York separation judgment. That paragraph provides that the requirements for alimony and support contained in the judgment ‘ ‘ shall not be affected by any decree of divorce
Paragraph 7 was not a gratuitous assertion by the court. The husband, James Lappert, stipulated upon the record that “ the requirements for payment of alimony and support shall not be affected by any decree of divorce It is our view that, by so stipulating in open court, the husband freely waived his right to assert the overriding effect of a subsequent divorce decree in an action on the separation judgment.
In Lynn v. Lynn (supra) we dealt with the question of estoppel, concluding that, although the husband continued to pay alimony under the New York separation judgment after the rendering of the Nevada decree, there was no evidence that the wife relied on these payments to her detriment.
In the instant case, the husband answered the wife’s complaint in the New York separation action. Subsequently he withdrew his answer and agreed with the wife to the set of stipulations including that regarding alimony as well as the one declaring that the alimony and support provisions would not be affected by any decree of divorce. These stipulations of the husband were read .into the record by the wife’s attorney. The wife thus agreed to them, too.
Obviously the parties had reached an agreement. It can be presumed that each stipulation was the result of a bargain between the parties. The wife might have insisted on getting more alimony or support, or might not have agreed to the stipulation at all, if she did not have this special protection of the husband’s promise made in open court, that he would not assert a subsequent divorce decree in an action on the alimony and support provisions of the judgment.
We have found estoppel in analogous situations. In Matter of Petterson v. Daystrom Corp. (17 N Y 2d 32) a plaintiff administrator stipulated in open court in a Connecticut District Court action that the workmen’s compensation carrier could proceed under the laws of New York State for reimbursement from her judgment.
Subsequently, when the carrier attempted to get reimbursement, the Workmen’s Compensation Board held that the Connecticut Federal court’s denial of the carrier’s motion to inter *370 vene was res judicata and precluded further consideration of its claim. Noting the stipulation made in the Connecticut action, however, we held at pages 37-38: “ This was explicit recognition and acknowledgment that nothing decided by the Federal tribunal was to foreclose a subsequent interpretation by the appropriate New York authorities of the provisions of our compensation statute applicable to the post-settlement period. The respondent may not, therefore, properly invoke the doctrine of res judicata on this appeal.”
We are, therefore, of the opinion that the husband’s motion to strike the alimony and support provisions should be denied on the ground that he is estopped from asserting the subsequent divorce decree, due to his open court stipulation. Thus, he can be adjudged in contempt for failure to comply with the alimony and support provisions contained in the judgment.
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan and Breitel concur with Judge Keating; Judge Van Voorhis dissents.
Order affirmed, etc.

. In Estin v. Estin (296 N. Y. 308, affd. 334 U. S. 541) we held that, where the foreign court does not have personal jurisdiction over the wife, it i* not empowered, insofar as New York is concerned, to cancel her right to alimony.

. Section 466 (subd. [c]) of the Family Court Act now empowers the Family Court to entertain an application to enforce such a decree of any foreign jurisdiction.

. This is, of course, assuming that Mexico considers that such a divorce overrides a prior separation judgment. Mexican law was not briefed at all on this appeal. The foregoing is, therefore, based on the assumption that it would be similar to our law in this respect.