■ EMMA RESSLHUBER, Respondent, v FRANK RESSLHUBER, Appellant.— In an action for a money judgment for arrears due under a separation agreement incorporated, but not merged, into a Mexican decree of divorce, and for counsel fees, defendant appeals from (1) an order of the Supreme Court, Westchester County, dated June 30, 1976, which granted plaintiff's motion to dismiss his counterclaim and (2) a judgment of the same court, dated July 19, 1976, which, after a hearing, fixed arrears and awarded plaintiff a counsel fee. Order and judgment affirmed, with one bill of costs to cover both appeals. A party to a separation agreement which adequately provides for the support of the wife, and which does not violate our public policy, may not collaterally attack the validity of the agreement on the grounds of fraud and mistake after it has been incorporated in a valid, bilateral decree of divorce *(Rehill v Rehill,* 306 NY 126). This rule, which applies to divorce decrees of sister States, is also to be applied to bilateral divorce decrees, validly entered in foreign countries, which incorporate the prior separation agreement *(Lappert v Lappert,* 20 NY2d 364). The award of counsel fees was authorized by section 238 of the Domestic Relations Law (see *Fabrikant v Fabrikant,* 19 NY2d 154). The court's award, after considering the income and expenses of the wife and her two children, was not an

abuse of discretion. Margett, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.