■ DOLORES E. ELIOT, Appellant, v KENNETH H. ELIOT, Respondent.—In an action for divorce, the plaintiff wife appeals from an order of the Supreme Court, Westchester County, entered November 9, 1978, which, upon the defendant's motion to file a jury demand as to "all issues in this litigation", granted the motion with respect to all issues relating to alleged acts of adultery by the wife and condonation by the husband. Order modified by adding thereto, immediately after the provision granting the motion, the following: "only as to the issues of adultery and is otherwise denied." As so modified, order affirmed, without costs or disbursements. It was an abuse of discretion for Special Term to grant a jury trial on the issue of the husband's condonation of the wife's acts of adultery. The law is clear that the right to a jury trial is limited solely to the "issues of the grounds for granting the divorce" (see Domestic Relations Law, § 173). While statutory defenses to the grounds for divorce may be interposed, there is no right to a trial by jury thereon (see Bush v Bush, 103 App Div 588). However, the court may, in its discretion, submit the other issues to the jury. The jury's findings on such issues are advisory only and the court may or may not accept those findings (see 1 Foster-Freed, Law and the Family [rev vol], § 5:70; see, also, CPLR 4403). The rule was stated by the Court of Appeals in McClave v Gibb (157 NY 413, 420) as follows: "Where a party is entitled by the [State] Constitution, or by express provisions of law, to a trial by jury, of one or more issues of fact, the finding of the jury is conclusive in the action, unless the verdict is set aside or a new trial is granted; but where the party is not entitled, as of right, to a trial by jury, the verdict is not conclusive upon the parties and the trial court may adopt it, modify it or disregard it and find the facts anew." Accordingly, if Special Term decides to submit the issue of condonation to the jury, the latter's verdict as to that issue will be advisory only and thus may be accepted or rejected by the court. Hopkins, J. P., Titone, Margett and Mangano, JJ., concur.

■ AUDREY FEINBERG, Respondent, v HERBERT FEINBERG, Appellant.— Order of the Supreme Court, Nassau County, dated October 26, 1978, affirmed, with $50 costs and disbursements, on the opinion of Mr. Justice Gibbons at Special Term. Hopkins, J. P., Lazer, Rabin and Gulotta, JJ., concur. [96 Misc 2d 443.]