Chief Judge Cooke
(dissenting in part). By affirming the dismissal of this action, without comment, a majority of the court today discards the long-standing rule that requires a declaration of rights rather than dismissal of the complaint in a declaratory judgment suit entertained on the merits. Because I cannot assent to overruling a settled principle, especially without ascribing a reason, I am compelled to dissent and vote to modify by declaring the rights of the parties.
Combustion Engineering commenced this action against defendant Aetna Casualty & Surety Co. and other liability insurers, seeking in its second cause of action a declaration that the insurers were liable for a $36 million settlement paid by Combustion. Although the policy issued by Aetna only insured for claims in excess of $50 million, Special Term nonetheless refused to dismiss the action. The Appellate Division modified and dismissed the complaint insofar as it sought declaratory relief.
Inasmuch as the Aetna policy only covers liability in excess of $50 million, the Appellate Division was undoubtedly *878 correct in deciding that the $36 million settlement alleged in the complaint did not trigger Aetna’s duty to indemnify. Rather than dismiss the complaint, however, the court should have declared the rights of the parties. Quite simply, judgment should be entered in favor of Aetna declaring that it is not liable for the claim pleaded (e.g., Lanza v Wagner, 11 NY2d 317, 334 [Fuld, J.]). For unknown, unarticulated reasons, this court has now chosen to affirm the error at the Appellate Division.
The principle is too well engrained to dispute that a complaint in an action ripe for declaratory relief should not be dismissed merely because plaintiff is not entitled to prevail on the merits (e.g., Lanza v Wagner, supra; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.13, pp 30-95 to 30-96 ; par 3001.18, pp 30-105 to 30-107; Siegel, New York Practice, § 440). Indeed, only a few short months ago, this court extended the rule so far as to require a declaration in a case where the complaint contained a pleading defect (Greschler v Greschler, 51 NY2d 368, 378). In Greschler, the court directed a declaration that the complaint failed to allege fraud with sufficient particularity to satisfy CPLR 3016 (id., at pp 375, 378). Certainly if a declaration is required where the action fails for a pleading defect, a fortiori it is necessary where plaintiff is not entitled to recover on the merits. This was the precise holding of the Lanza v Wagner (supra) decision. (The basic similarity of the procedural posture here and that in Lanza is demonstrated in the Appellate Division memorandum there [15 AD2d 552].)
Today’s result might be understandable had plaintiff’s claim been contingent upon future events or otherwise nonjusticiable (see 3 Weinstein-Korn-Miller, NY Civ Prac, pars 3001.09a to 3001.09d). In such a case, the action would be subject to dismissal. As it is, however, plaintiff has alleged a live controversy concerning whether Aetna is liable for the $36 million settlement. Although plaintiff on this appeal has attempted to. inject extraneous matter and has claimed that it may be held liable for more than $36 million in the future, this should not obscure the simple fact that plaintiff alleged only the $36 million settlement in its *879 complaint. Future contingencies were thus not pleaded and are totally immaterial.
In sum, this case presents a rather uncomplicated issue: whether a declaratory judgment action should be dismissed where plaintiff seeks a declaration that its insurer is liable for a claim not covered by the insurance policy. The answer, too, is straightforward: it is error to dismiss merely because plaintiff is not entitled to relief on the merits. Case law decided so recently sanctions nothing less than a declaration of the rights of the parties (Greschler v Greschler, supra [decided Nov. 25, 1980]).
Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Chief Judge Cooke dissents in part and votes to modify in an opinion in which Judge Gabrielli concurs.
Order affirmed, with costs, in a memorandum.