■ MORRIS PROPP, Appellant-Respondent, v JOANNE S. PROPP, Respondent-Appellant.—Order, Supreme Court, New York County (Gabel, J.), entered November 4, 1983 is modified, on the law, without costs, to vacate that provision holding the parties' prenuptial agreement void as against public policy, and otherwise affirmed. The orders of the Supreme court, New York County, entered July 18, 1984, July 19, 1984 and January 18, 1985 (Gabel, J.), February 14, 1984 (Wallach, J.), and July 31, 1984 (Ostrau, J.) are affirmed, without costs.

The parties were married on June 15, 1977. On June 14, 1977 they executed a prenuptial agreement (the agreement) which, as here pertinent, provided that upon entry of a decree of divorce, separation or separate maintenance in a matrimonial proceeding on any ground other than the wife's actionable misconduct as construed under Domestic Relations Law § 236, the husband would be obligated to make specified payments to the wife in amounts determined in part by the parties' then-current income. On November 27, 1979 the agreement was modified in regard to the amount and duration of the payments to the wife.

On July 9, 1980 the husband commenced an action for divorce based on cruel and inhuman treatment, and asked that alimony be fixed in accordance with the agreement as amended. The wife denied the allegations of the complaint, and asserted as a defense that the agreement was unenforceable and void as being in violation of General Obligations Law former § 5-311, and on the further ground that her consent and signatures on the agreement and modification were ob-

tained by duress, deceit, undue influence and without legal advice. On December 23, 1983 the wife commenced an action for divorce based on cruel and inhuman treatment, and abandonment. The husband denied the allegations of the wife's complaint, and sought a determination of alimony based solely upon the agreement.

The central issue presented on this appeal is whether the validity of the agreement is governed by General Obligations Law § 5-311 as it existed at the time the agreement was executed, or by the current General Obligations Law § 5-311 (L 1980, ch 281, § 19) which provides in effect that either spouse may waive his or her right to support as long as he or she is not likely to become a public charge, and thus eliminates the gender-based distinction in the predecessor statute which was found unconstitutional in *Greschler v Greschler* (71 AD2d 322, *mod on other grounds* 51 NY2d 368). We conclude that for the reasons stated by Justice Mangano in his lucid analysis of the issue in *Goldfarb v Goldfarb* (86 AD2d 459), the current General Obligations Law § 5-311 should be retroactively applied to govern the validity of the agreement herein.

We also hold that if the husband is to have the benefit of the retroactive application of the current General Obligations Law § 5-311, he must accept the constraints imposed on such agreements by Domestic Relations Law § 236 (B) (3) which was enacted by the same chapter (L 1980, ch 281, § 9) as that which amended General Obligations Law § 5-311. In this regard we observe that General Obligations Law § 5-311 now states: "Except as provided in section two hundred thirty-six of the domestic relations law, a husband and wife cannot contract * * * to relieve either of his or her liability to support the other in such a manner that he or she will become incapable of self-support and therefore is likely to become a public charge." Domestic Relations Law § 236 (B) (3) in turn provides, as here pertinent: "Agreement of the parties. An agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded. Such an agreement may include * * * (3) provision for the amount and duration of maintenance or other terms and conditions of the marriage relationship, subject to the provisions of section 5-311 of the general obligations law, and provided that such terms were fair and reasonable at the time of the making of the agree-

ment and are not unconscionable at the time of entry of final judgment".

It is thus clear that the provisions of the new General Obligations Law § 5-311 and Domestic Relations Law § 236 must be read and applied consistently and harmoniously. So read, they embody a legislative policy that permits enforcement of property and support agreements in accordance with the wishes of the parties, but subject to principles of fairness and justice. Viewed in this light, we must reject the husband's contention that if the agreement is not per se void under the General Obligations Law, he is thereby excused from complying with the directives in the several orders appealed from that he comply with the financial disclosure and temporary support sought by the wife. Under the applicable provisions set forth above, the husband's assets and income are relevant to a determination as to whether, and to what extent, the agreement is enforceable. This is particularly so in view of the provisions in the agreement under which payments to the wife are keyed to the husband's income, and the wife's claim, supported by adequately detailed factual allegations, that her consent and signatures were obtained by duress. (*Cf. Oberstein v Oberstein,* 93 AD2d 374.) Concur—Kupferman, J. P., Sandler, Bloom, Kassal and Rosenberger, JJ.