■ JOAN A. BARRETT, Appellant, v J. PATRICK BARRETT, Respondent.—Order unanimously affirmed without costs. Memorandum: In 1979, the parties entered into a separation agreement which set forth, among other things, the support obligations of defendant to plaintiff and their children. The agreement provided that its terms would be incorporated but not merged into any future divorce decree, and could be

modified only by written agreement of the parties or by court order. Thereafter, in 1980, defendant obtained a divorce in the Dominican Republic, plaintiff having submitted to the jurisdiction of the foreign court.

In 1981, plaintiff commenced the present action seeking to rescind the separation agreement claiming it had been procured by fraud, duress, misrepresentation and threats. Thereafter, in February 1986, on the eve of trial and almost five years after the action had been commenced, plaintiff moved to amend her complaint to add a cause of action seeking to set aside the divorce decree issued by the Dominican Republic. The reason assigned for the request to amend the complaint was correctly stated to be that in order to attack the validity of the separation agreement incorporated into the foreign divorce decree, the foreign decree must be vacated. Counsel stated that he had only recently discovered the authority for this legal proposition in *Feinberg v Feinberg* (96 Misc 2d 443, *affd* 70 AD2d 612 [the case, in fact, was decided in 1978 and affirmed in 1979]). The court denied the motion to amend and dismissed the complaint in its entirety. We affirm.

It is well settled that a party to a separation agreement may not attack the validity of the agreement after it has been incorporated into a valid, bilateral foreign decree of divorce *(Galyn v Schwartz,* 56 NY2d 969, 972; *Greschler v Greschler,* 51 NY2d 368, 376-377; *Resslhuber v Resslhuber,* 57 AD2d 552; *Fink v Goldblatt,* 18 AD2d 629, *affd* 13 NY2d 957). There exists an exception to this general rule, however. "The principle appears to be well established that a collateral attack on the underlying separation agreement is permissible in this State if the law of the jurisdiction rendering the judgment would allow an attack on its own judgment on the grounds alleged in the New York action" *(Eilenberg v Eilenberg,* 89 AD2d 945, 947; *see also, Feinberg v Feinberg,* 40 NY2d 124, 127). The laws of the Dominican Republic do not allow such a collateral attack on the agreement while the judgment remains in full force and effect *(Feinberg v Feinberg,* 96 Misc 2d 443, *affd* 70 AD2d 612, *supra).*

In her first amended complaint some five years earlier, plaintiff did not mount an attack on the foreign decree for lack of jurisdiction of that forum nor did she seek to vacate the decree. She is now guilty of laches and her unwarranted delay in seeking to attack the Dominican Republic decree should not be countenanced. Defendant would be greatly prejudiced by this late attack on the divorce decree because, relying on the validity of this divorce, he remarried and two

children have been born of this remarriage. The court did not abuse its discretion in denying the motion to amend the complaint. (Appeal from order of Supreme Court, Onondaga County, Murphy, J.—rescind divorce.) Present—Dillon, P. J., Doerr, Green, Balio and Davis, JJ.