OPINION OF THE COURT
Allan L. Winick, J.
Plaintiff moves for an order converting the parties’ Dominican Republic judgment of divorce into a New York State judgment. A motion for this relief was previously denied (July 24, 1987, Winick, J.) with leave to renew.
On July 31, 1985, the parties entered into a separation agreement with respect to their rights concerning separate marital property and to settle the issues of maintenance, child support, visitation and custody. The parties were subsequently *501 divorced pursuant to a decree of the Dominican Republic dated August 23, 1985. The separation agreement, pursuant to the divorce decree, is to be incorporated in and survive the judgment and not be merged therein.
Plaintiff now wants the judgment of divorce, granted by the Dominican Republic, to be entered as a New York State judgment.
The Court of Appeals in the 1981 decision, Greschler v Greschler (51 NY2d 368, 376), cogently laid out the law with respect to recognition of foreign country judgments in this State. "Although not required to do so, the courts of this State generally will accord recognition to the judgments rendered in a foreign country under the doctrine of comity which is the equivalent of full faith and credit given by the courts to judgments of our sister States. (See, e.g., Schoenbrod v Siegler, 20 NY2d 403, 408; see, generally, Restatement, Conflict of Laws 2d, § 98; Leflar, American Conflicts Law [3d ed], § 84, pp 169-171.) Absent some showing of fraud in the procurement of the foreign country judgment (Feinberg v Feinberg, 40 NY2d 124) or that recognition of the judgment would do violence to some strong public policy of this State (see, e.g., Mertz v Mertz, 271 NY 466), a party who properly appeared in the action is precluded from attacking the validity of the foreign country judgment in a collateral proceeding brought in the courts of this State.”
Insofar as the divorce judgment is concerned, the defendant appeared in person and plaintiff submitted herself to the jurisdiction of the Dominican Republic court by a duly executed power of attorney. It is plaintiff who now wants to convert this judgment to a New York State judgment. There is no doubt that plaintiff could ask this court to recognize a judgment of a foreign country. However, whether this court can convert this Dominican Republic judgment into a New York judgment is another problem.
CPLR 5401 defines a foreign judgment as, "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, except one obtained by default in appearance, or by confession of judgment.” However, such enforcement of a judgment entitled to full faith and credit applies only to judgments of American jurisdictions, that is, a judgment entitled to full faith and credit under the Federal Constitution. CPLR article 54 does not apply to judgments of foreign countries. Such *502 judgments cannot be converted into a New York judgment except by either a plenary action or by motion pursuant to CPLR 3213 (motion for summary judgment in lieu of complaint). (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5401:l, at 501.)
In 1970, the Legislature added article 53 to the CPLR which deals with recognition of foreign country money judgments. A foreign country money judgment is defined by CPLR 5301 (b) as, "any judgment of a foreign state granting or denying recovery of a sum of money, other than a judgment for taxes, a fine or other penalty, or a judgment for support in matrimonial or family matters.” In order for New York courts to convert this money judgment, it must be final, conclusive and enforceable (CPLR 5302). However, this article only deals with those foreign judgments which either grant or deny recovery of a sum of money (CPLR 5303).
This is not the case here. This judgment does not meet the definition of a foreign country money judgment, nor is it a judgment that is entitled to full faith and credit. Although plaintiff may be entitled to recognition and enforcement of the provisions of the Dominican Republic judgment, she is not entitled to conversion of the judgment to a New York State judgment.
Therefore, the motion is denied.