■ CAROL BECKER, Appellant, v STUART BECKER, Respondent. —In a proceeding to convert a judgment of divorce from the Dominican Republic to a New York judgment, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated February 14, 1990, which denied her application for leave to file the judgment from the Dominican Republic as a New York judgment.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff commenced an action for a divorce in the Supreme Court, New York County. She and the defendant subsequently entered into a separation agreement dated July 31, 1985, which, among other things, provided for child support for their three children.

After the separation agreement was signed, the parties apparently decided against pursuing the New York County matrimonial action any further. With the plaintiff's consent, the defendant went to the Dominican Republic and obtained a bilateral judgment of divorce. This judgment, dated August 23, 1985, recited that the parties expressly consented to the jurisdiction of the Dominican Republic. The New York separation agreement was incorporated by reference, but not merged, in the judgment.

The record reflects subsequent litigation resulting from the defendant's failure to make child support payments. In June 1986 the plaintiff commenced an action in the Supreme Court, Nassau County, to enforce the support provisions in the separation agreement. This action resulted in the entry of a money judgment on November 30, 1988, for counsel fees, costs, and disbursements. The plaintiff believed that her cause would be advanced if the judgment of divorce from the Dominican Republic were converted to a New York judgment of divorce. She therefore moved the Supreme Court for this relief. Her first motion was denied with leave to renew, and,

upon renewal, the court again declined to convert the judgment from the Dominican Republic to a New York judgment. In an order dated May 3, 1989, the Supreme Court, Nassau County (Winick, J.), stated that although the plaintiff "may be entitled to recognition and enforcement of the provisions of the Dominican Republic judgment", the judgment could not be "converted" because (1) it did not meet the definition of a money judgment from a foreign country (see, CPLR 5301 [b]), and (2) it was not entitled to the same treatment as a judgment of another State—that is, it could not be accorded full faith and credit (see, CPLR 5401 et seq.).

After this motion was denied, the plaintiff and the defendant entered into a stipulation, in which the defendant agreed to pay child support arrears and gave the plaintiff the right to file the judgment from the Dominican Republic as if it were a judgment of New York. Thereafter, the plaintiff moved to incorporate certain items of the separation agreement into a court order "per the stipulation of the parties" so as to enable the plaintiff to enforce those provisions as if they were part of a New York judgment or order, to compel the defendant to post security in the amount of $25,000, and for reasonable attorneys' fees. The plaintiff submitted a proposed order, which among other things, directed that the judgment from the Dominican Republic be filed in Nassau County and have the same force and effect as a New York State judgment of divorce, in accordance with the parties' stipulation. The motion was not opposed. In the order appealed from, the court denied the application. It stated that plaintiff was, in essence, asking the court to "so order" the parties' stipulation and, referring to its earlier order dated May 3, 1989, held that it lacked the subject matter jurisdiction to convert the Dominican Republic judgment into a New York judgment. We agree.

Both the bilateral Dominican Republic judgment and the separation agreement incorporated therein are entitled to recognition (see, Greschler v Greschler, 51 NY2d 368, 376), and the plaintiff thus can look to the New York courts to enforce any of their provisions. Indeed, the defendant himself was instrumental in obtaining the judgment and has never challenged its validity. He now would be hard pressed to object to enforcement on the ground that the judgment should not be recognized (see, Miller v Miller, 92 AD2d 761, affd 63 NY2d 733).

However, under the common law, the courts of this State had no jurisdiction over matrimonial matters, and the power of the Supreme Court over such a matter is thus derived

solely by virtue of statutory grants of authority *(see, Matter of Seitz v Drogheo,* 21 NY2d 181, 185; *Langerman v Langerman,* 303 NY 465, 470). We agree with the Supreme Court that neither CPLR article 53 nor CPLR article 54 provides the authority to file, and thereby convert, a judgment of divorce from a foreign country to a New York judgment. Since the court lacked the statutory power to act on the plaintiff's application, it was constrained to deny it, notwithstanding the consent of the adverse party. Lack of subject matter jurisdiction is not curable by waiver, consent, estoppel, or laches *(see, Matter of Anthony J.,* 143 AD2d 668; *see also, Nuernberger v State of New York,* 41 NY2d 111). Accordingly, the order appealed from is affirmed. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur. *[See,* 143 Misc 2d 500.]