■ JOAN A. BARRETT, Respondent, v JOHN C. SETRIGHT et al., Appellants and Third-Party Plaintiffs-Appellants. ROY SANDERS et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. (Appeal No. 1.) [598 NYS2d 886] —Order unanimously affirmed with costs. Memorandum: In June 1979, Joan A. Barrett (plaintiff) and her husband, J. Patrick Barrett, entered into a separation agreement. Thereafter, in February 1980, plaintiff signed a power of attorney consenting to the jurisdiction of the Dominican Republic. In March 1980, Mr. Barrett obtained a divorce in the Dominican Republic; plaintiff appeared by proxy. The separation agreement was incorporated but not merged in the divorce decree. According to plaintiff, she learned in August 1980 that Mr. Barrett had grossly misrepresented his financial situation when the separation agreement was entered into. Thereafter, plaintiff retained defendants, John C. Setright and Setright & Ciabotti

(Setright), who commenced an action in July 1981 to rescind the separation agreement, on the grounds, *inter alia,* of fraud and misrepresentation. In February 1986, on the eve of trial, apparently realizing that, before the separation agreement could be attacked, the power of attorney and judgment of divorce must first be set aside *(see, Feinberg v Feinberg,* 40 NY2d 124), Setright moved for leave to amend the complaint to add a cause of action to set aside the Dominican Republic judgment of divorce. Supreme Court denied the motion on the ground of laches and dismissed the complaint on the ground that the separation agreement could not be attacked while the divorce decree remained in effect. On plaintiff's appeal, we affirmed *(Barrett v Barrett,* 135 AD2d 1077, *lv denied* 71 NY2d 805) *(Barrett I).*

Upon the dismissal of *Barrett I (supra),* plaintiff retained third-party defendants Roy Sanders and Roy Sanders, P. C. (Sanders) to prosecute a fraud action against her former husband *(Barrett II).* Third-party defendants Sidney P. Cominski and Sidney P. Cominski, P. C. (Cominski) appeared of counsel to Sanders in *Barrett II.* A summons with notice was served in *Barrett II,* but the action was dismissed in April 1987 for failure to serve a timely complaint.

Plaintiff then commenced this action, alleging that Setright's malpractice in not timely attacking the Dominican Republic divorce decree in *Barrett I (supra)* had deprived plaintiff of her available remedy to rescind the separation agreement and that, if Setright had properly framed the complaint to attack the divorce decree instead of the separation agreement, plaintiff would have prevailed. Setright brought a third-party action against attorneys Sanders and Cominski, alleging that any inability of the plaintiff to seek damages that may have resulted from her acceptance of the separation agreement was the product of the negligent failure to serve the complaint in *Barrett II (supra).* Supreme Court granted summary judgment dismissing the third-party action and denied Setright's motion for summary judgment dismissing the complaint.

The motions of the third-party defendants were properly granted. The doctrine of res judicata precludes a party from relitigating a claim already litigated and from litigating a claim based upon the same facts and transactions underlying the previously litigated action *(see, O'Brien v City of Syracuse,* 54 NY2d 353; *Smith v Russell Sage Coll.,* 54 NY2d 185; *Matter of Reilly v Reid,* 45 NY2d 24; *Davie v Dwyer,* 155 AD2d 921).

Although *Barrett II (supra)* was couched as a fraud action, it was based upon the same facts and transactions underlying *Barrett I (supra)*. It was an unsuccessful attempt to garb the same claim in different apparel. *Barrett II* would have failed under the doctrine of res judicata even if the complaint had been served.

Setright's motion to dismiss the complaint was properly denied. There are issues of fact whether plaintiff would have been successful in *Barrett I (supra)* had Setright attacked the Dominican Republic divorce decree in the first instance. Plaintiff's allegations that her former husband's fraudulent conduct induced her to execute the power of attorney and to forego the opportunity to contest the divorce action withstand Setright's contention that collateral attack on the divorce decree would be barred in the Dominican Republic *(see, Fraguela v Fraguela,* 177 AD2d 910, 912; *Denis v Denis,* 155 AD2d 413; *Feinberg v Feinberg,* 96 Misc 2d 443, 456, *affd* 70 AD2d 612; *see also, Greschler v Greschler,* 51 NY2d 368). "If * * * proof with respect to the laws of the Dominican Republic demonstrates that collateral attack would be barred in the courts of that Country or that there were doubts as to whether it would be permitted, the trial court in this case should nonetheless then consider, under principles of comity, whether there are here sufficient circumstances to warrant allowing collateral attack notwithstanding that such an attack would not be permitted in the courts of the Dominican Republic." *(Feinberg v Feinberg,* 40 NY2d 124, 128, *supra.)*

Setright's further contention that there was a finding in *Barrett I (supra)* that plaintiff had ratified the separation agreement is also without merit. Although Supreme Court in *Barrett I* stated that there were "clear indications that the Plaintiff intended to ratify the divorce by her consent * * * and Plaintiff's acceptance of the benefits of the Agreement", it denied plaintiff's motion on the ground of laches. (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Summary Judgment.) Present—Callahan, J. P., Fallon, Doerr and Boehm, JJ.