In the Matter of EDWARD BEDDOW, Appellant, v LYNN BEDDOW, Respondent. [604 NYS2d 267] —In a proceeding pursuant to CPLR 5241 to vacate an income execution for support enforcement dated February 13, 1991, on the ground of mistake of fact, the petitioner appeals from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated August 12, 1992, as, upon reargument, adhered to its original determination made in an order dated July 15, 1991, which dismissed the proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 10, 1985, the parties entered into a stipulation of settlement in New York concerning their marital dispute. The stipulation provided for, among other things, maintenance for the respondent and child support for the children, in weekly sums, and for cost-of-living increases. By judgment of the Supreme Court, Nassau County, dated September 5, 1985, the respondent was granted an uncontested separation. The judgment of separation provided that the stipulation would survive and not be merged in the judgment. The judgment

directed the petitioner to make specific maintenance and child support payments. Further, by order dated March 5, 1993, the judgment of separation was amended nunc pro tunc to incorporate by reference all of the terms of the stipulation.

By judgment entered October 25, 1988, the petitioner was granted a bilateral uncontested divorce by the Superior Court of New Jersey, Middlesex County. The judgment of divorce makes no provision for maintenance or child support, nor does it refer to the parties' stipulation in New York which dealt with these economic issues.

In February 1991 the respondent served an income execution by mail, on the petitioner at his current residence in Connecticut. In the instant proceeding the petitioner moved to vacate the income execution based on a mistake of fact pursuant to CPLR 5241 (a) (8) and (e). He asserted that the income execution was based on a nonexistent order, and that the court lacked in personam jurisdiction over him. The court denied the motion and, upon reargument, adhered to its original determination.

The petitioner's argument that the income execution is invalid because the judgment of separation was merged in the New Jersey judgment of divorce lacks merit. The parties agreed before the New Jersey court that the judgment of divorce would deal only with the status of the marriage, and not with the economic issues, and that all economic issues would be determined in the "New York proceeding". Therefore, under the circumstances of this case, the general rule that the provisions of a judgment of separation merge into a foreign bilateral divorce judgment is inapplicable to the financial provisions of the judgment of separation (see, Lappert v Lappert, 20 NY2d 364).

The income execution was properly served on the petitioner in Connecticut pursuant to CPLR 5241 (d).

We have examined the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.