*312 OPINION OF THE COURT
Bernard F. McCaffrey, J.
The underlying issue in this personal injury accident concerns whether a discharge in bankruptcy issued to one of the defendants mandates dismissal of the action against her even though she had a valid automobile insurance policy in effect at the time of the accident.
This action arose out of a two-car collision that occurred on June 13, 1992 in which plaintiff, Tara Hilgarth, was a passenger in an automobile owned by defendant, Elizabeth Zeis. The vehicle was insured by State Farm Mutual Automobile Insurance Company and operated, allegedly with Elizabeth Zeis’ permission and consent, by defendant Randy Zeis.
Plaintiff commenced the within negligence action with the service of a summons and complaint upon defendants on or about December 15, 1992. Issue was joined by defendants Randy and Elizabeth Zeis on or about January 13,1993.
Thereafter, on or about March 18,1993, defendant Elizabeth Zeis filed a petition for relief under chapter 7 of the 1978 Bankruptcy Code (11 USC) listing plaintiff and codefendant Michael Nankervis as unsecured creditors. No attempt was made by either plaintiff or Mr. Nankervis to vacate the automatic stay (11 USC § 362).
It is defendant Elizabeth Zeis’ contention that thereafter, due to the fact that no complaint objecting to the discharge of the debtor was filed within the time fixed by the court, that pursuant to the order of the Honorable Dorothy D.T. Eisenberg, United States Bankruptcy Judge, dated August 23, 1993, she was "released from all dischargeable debts * * * unless hereafter determined by order of this court to be nondischargeable.” The discharge also applies, she notes, to "all creditors whose debts are discharged [and who] are enjoined from institution or continuing any action * * * to collect such debts” (emphasis added). Thus she contends that, pursuant to that order, all claims in this action have been discharged as against her and plaintiff and codefendant Nankervis should be permanently enjoined from continuing the claims before this court as against her.
She therefore seeks leave to serve and file an amended answer adding the aforementioned discharge as an affirmative defense and an award of summary judgment dismissing all claims against her.
*313 Plaintiff and codefendant Nankervis contend that this claim was not discharged by the order of the Bankruptcy Court.
The discharge of indebtedness received by defendant Elizabeth Zeis under chapter 7 of the 1978 Bankruptcy Code (11 USC) § 727 triggered the operation of 11 USC § 524 which protects the debtor (Zeis) from any personal liability on the debt. The applicable sections provide, in part:
"A discharge in a case under this title * * *
"(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged * * *
"(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor”. (11 USC § 524 [a] [emphasis added].)
The relief accorded the debtor by these provisions does not extend to other parties: "Except as provided in subsection (a) (3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.” (11 USC § 524 [e] [emphasis added].)
Thus, as stated by the court in Green v Welsh (956 F2d 30, 33 [2d Cir 1992]): "Together, the language of these sections reveals that Congress sought to free the debtor of his personal obligations while ensuring that no one else reaps a similar benefit. See 3 R. Babitt et al., Collier on Bankruptcy ¶ 524.01 at 524-16 (15th ed. 1991).”
The court further noted that: "Numerous courts, confronted with a tort claimant who seeks to proceed against a discharged debtor only for the purpose of recovering against an insurer, have relied on §§ 524(a) and 524(e) and the fresh start policy in concluding that the discharge injunction does not bar such a suit. See, e.g. In re Jet Florida Systems, Inc., 883 F.2d 970, 976 (11th Cir. 1989) (section 524(e) permits a plaintiff to proceed against the debtor to establish liability as a prerequisite to recover from an insurer); In re Greenway, 126 B.R. 253, 255 (Bankr. E.D.Tex.1991) (discharge order does not bar continuation of state court action to determine liability of debtor solely as a prerequisite to recovery from debtor’s insurance carrier); In re Peterson, 118 B.R. 801, 804 (Bankr.D.N.M.1990) (injunction provided by § 524 does not bar FDIC from establishing the liability of the debtor so as to proceed against bank employee insurer).” (Green v Welsh, supra.)
*314 Thus, the law is well settled that a judgment resulting from injury due to a party’s mere negligence in operating an automobile is dischargeable (In re Lusch, 251 F 316 [DC NY 1918]; Matter of Kimsey, 97 Bankr 1003 [Neb 1989]; Matter of Morgan, 22 Bankr 38 [Neb 1982]; Wegiel v Hogan, 28 NJ Super 144, 100 A2d 349). This is distinct from liability for death or personal injury caused by a debtor’s operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, drugs or other substance (11 USC § 523 [a] [9]) or willful and malicious injury by the debtor to another (11 USC § 523 [a] [6]).
The discharge in bankruptcy of defendant Elizabeth Zeis operates as an injunction against the continuation of the action, however, only "to the extent that such judgment is a determination of the personal liability of the debtor” (11 USC § 524 [a] [1] [emphasis added]). Plaintiff may, therefore, continue the instant action against movant Elizabeth Zeis but only to prove liability as a prerequisite to recovery from her liability carrier (State Farm). (Green v Welsh, supra.) State Farm is obligated to provide a defense to this claim and in the event liability is found as to the operator, Randy Zeis, the State Farm policy with Elizabeth Zeis will be available for payment of any applicable judgment.
Accordingly, defendant Elizabeth Zeis’ application, for leave to serve and file an amended answer adding the discharge as an affirmative defense against her personal liability, is granted. Conversely, her application for an award of summary judgment dismissing plaintiffs complaint against her is denied.