■ LEA SCHWARTZ, Appellant, v SCHLOMO SCHWARTZ, Also Known as STEVEN SCHWARTZ, Respondent. [676 NYS2d 479] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from so much of an order of the Supreme Court, Nassau County (DeNoto, J.), entered August 4, 1997, as, upon granting that branch of her motion which was, in effect, to determine whether a judgment of the Rabbinical Court of the State of Israel, dated January 24, 1996, deciding the issues

arising out of the defendant husband's action in Israel for a divorce, ought to be recognized and enforced by the courts of New York, determined that the judgment fully satisfied the public policy requirements of this State, and denied that branch of her motion which was for an award of counsel fees on the motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the doctrine of comity, New York State courts must recognize judgments rendered in a foreign country absent some showing of fraud in the procurement of the foreign judgment, or a determination that recognition of the judgment would do violence to some strong public policy of this State (*see, Greschler v Greschler,* 51 NY2d 368, 376). The public policy exception to the doctrine of comity is usually invoked only in the rare instance " 'where the original claim is repugnant to fundamental notions of what is decent and just in the State where enforcement is sought' " (*Greschler v Greschler, supra,* at 377, quoting Restatement, Conflict of Laws 2d, § 117, comment *c*). Here, the appellant had an opportunity to fully participate in the proceedings before the Israeli court, which had both jurisdiction over her and the subject matter of the proceedings. Moreover, the judgment of the Rabbinical Court of the State of Israel, dated January 24, 1996, did not violate the public policy of the State of New York. Thus, the Supreme Court properly extended comity to that judgment.

The court properly denied the appellant's motion for interim counsel fees (*see,* Domestic Relations Law § 237 [a]). Sullivan, J. P., Pizzuto, Altman and Friedmann, JJ., concur.