■ MARY PRESUTTI, as Administratrix of the Estate of SANTO D. LANOVARA, Deceased, Respondent, v DAVID SUSS, Appellant, et al., Defendant. (Appeal No. 1.) [678 NYS2d 187] —Order unanimously affirmed with costs. Memorandum: Supreme Court (Bergin, J.) properly denied the motion of David Suss (defendant) to dismiss the complaint. Contrary to defendant's contention, the action is not barred by the discharge of defendant in bankruptcy where, as here, plaintiff seeks to proceed against him for the sole purpose of establishing the liability of a vicariously liable party or an insurer (*see, Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 625; *Hilgarth v Nankervis*, 160 Misc 2d 311, 313; *Green v Welsh*, 956 F2d 30, 33). The court did not abuse its discretion in granting plaintiff's motion for leave to serve an amended complaint (*see, Eden-*

*wald Contr. Co. v City of New York*, 60 NY2d 957, 959); defendant failed to show prejudice or surprise resulting from the delay (*see, Murray v City of New York*, 43 NY2d 400, 405, *rearg dismissed* 45 NY2d 966). The court properly considered plaintiff's memorandum of law in response to defendant's reply memorandum of law. Plaintiff's memorandum of law was served by fax one day in advance of the return date (*see,* CPLR 2103 [b] [5]; 2214 [b]) and addressed issues raised in defendant's response to plaintiff's cross motion for leave to serve an amended complaint. The court properly determined that the negligence cause of action against the accounting firm is not barred by the Statute of Limitations; that cause of action merely adds a new theory of recovery arising out of transactions already at issue in this litigation (*see,* CPLR 203 [f]; *Duffy v Horton Mem. Hosp.*, 66 NY2d 473, 477). Nor was plaintiff's motion for leave to serve an amended complaint barred by laches. The delay was not inordinate, and defendant failed to demonstrate surprise or prejudice resulting from the delay (*cf., Barrett v Barrett*, 135 AD2d 1077, 1078-1079, *lv denied* 71 NY2d 805).

Justice Bergin properly signed the order entered March 3, 1997. Justice Bergin had determined the motion and cross motion before the case was transferred to Justice Polito, and the order effected that decision. Even assuming, arguendo, that Justice Polito should have signed the order, we note that Justice Polito would have been required to effect Justice Bergin's earlier decision on the motion and cross motion (*see,* CPLR 9002). Contrary to defendant's contention, the 60-day time requirement of 22 NYCRR 202.48 was not triggered in this case because Justice Bergin did not issue a decision with a direction to submit an order (*see, Funk v Barry*, 89 NY2d 364, 366-367).

Justice Bergin did not abuse his discretion in denying defendant's recusal motion (*see, Melnik v Melnik*, 118 AD2d 902, 904). We have examined the remaining contentions advanced by defendant and conclude that they lack merit. (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Dismiss Pleading.) Present—Pine, J. P., Lawton, Pigott, Jr., Callahan and Boehm, JJ.