# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**658**

**CA 14-02081**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF PATRICIA DEROSA,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

PAUL DYSTER, AS MAYOR OF CITY OF NIAGARA FALLS,
AND CITY OF NIAGARA FALLS,
RESPONDENTS-RESPONDENTS.

---

LAW OFFICES OF W. JAMES SCHWAN, BUFFALO (W. JAMES SCHWAN OF COUNSEL),
FOR PETITIONER-APPELLANT.

CRAIG H. JOHNSON, CORPORATION COUNSEL, NIAGARA FALLS (CHRISTOPHER M.
MAZUR OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 4, 2014 in a proceeding pursuant to CPLR article 78. The judgment granted the motion of respondents to dismiss the petition and dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment dismissing her CPLR article 78 petition seeking to direct respondents to provide her with family health insurance coverage. This is the second proceeding petitioner has commenced pursuant to CPLR article 78 seeking such health insurance coverage from respondents. Her prior petition was granted by Supreme Court, which determined that petitioner was entitled to family health insurance coverage provided by respondents at no cost to her pursuant to a Memorandum of Understanding between respondent City of Niagara Falls and petitioner's union. Our modification of the judgment in the prior appeal was on grounds not relevant herein (*Matter of DeRosa v Dyster*, 90 AD3d 1470). We conclude that the instant petition, which seeks identical relief based on the same provisions in the Memorandum of Understanding, "is precisely the type of repetitive litigation the doctrine of claim preclusion is designed to avoid" (*Matter of Reilly v Reid*, 45 NY2d 24, 31), and it was properly dismissed based on the doctrine of res judicata (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357; *Barrett v Setright*, 193 AD2d 1094, 1095, *lv denied* 82 NY2d 662; *Israel v Walter*

*Kaye Assoc.*, 145 AD2d 467, 468-469, *lv denied* 74 NY2d 607).