■ OVERSEAS DEVELOPMENT BANK IN LIQUIDATION, Respondent, v NAFTALI CHAIM NOTHMANN et al., Appellants. (And Another Title.)—(1) In a proceeding for an attachment, defendants appeal, (a) as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated August 16, 1982, as denied that branch of their motion which was to vacate an ex parte order of attachment of the same court and granted a cross motion of the plaintiff to confirm said ex parte order and (b) as limited by their brief, from so much of an order of the same court (McCaffrey, J.), entered October 19, 1982, as, upon reargument, adhered to that portion of the original determination which denied vacatur of the ex parte order and granted plaintiff's cross motion

to confirm it, and (2) in an action to enforce two money judgments of the courts of England, prosecuted by motion for summary judgment in lieu of complaint, from an order and judgment (one paper) of the Supreme Court, Suffolk County (Baisley, J.), entered March 3, 1983, which granted said motion and thereupon was in favor of plaintiff and against defendants in the principal sum of $916,566.40.

By opinion and order dated October 22, 1984, this court reversed the order and judgment entered March 3, 1983, granted summary judgment to defendants, and dismissed the appeals from the order dated August 16, 1982 and the order entered October 19, 1982 (see, Overseas Dev. Bank v Nothmann, 103 AD2d 534). By decision and order dated March 19, 1985, the Court of Appeals reversed the order of this court and remitted the case here for further proceedings (see, Overseas Dev. Bank v Nothmann, 64 NY2d 927).

Order and judgment of the Supreme Court, Suffolk County, entered March 3, 1983, affirmed.

Appeal from the order dated August 16, 1982 dismissed. That order was superseded by the order entered October 19, 1982, upon reargument.

Order entered October 19, 1982 affirmed, insofar as appealed from.

Plaintiff is granted one bill of costs.

This appeal was originally heard on December 19, 1983, after which this court reversed Special Term's order and judgment granting plaintiff summary judgment, and dismissed the complaint (see, Overseas Dev. Bank v Nothmann, 103 AD2d 534, supra). We held that the English judgments by virtue of their age, were not "final, conclusive and enforceable" under CPLR 5302, without a writ of execution upon leave from an English court. Thereafter, plaintiff obtained leave from the Queen's Bench Division of England's High Court of Justice to issue a writ of execution. Based upon plaintiff's obtaining a writ of execution, the Court of Appeals reversed this court's determination and remitted the case back here to consider defendants' remaining arguments concerning other mandatory and discretionary grounds for denying recognition of the foreign judgments under CPLR 5304 (see, Overseas Dev. Bank v Nothmann, 64 NY2d 927, supra).

Having now considered defendants' remaining arguments raised in their original briefs to this court, we conclude that Special Term properly granted plaintiff's motion for summary judgment. None of the mandatory or discretionary grounds

contained in CPLR 5304 for denying recognition to the two English money judgments is applicable. Special Term also properly confirmed the order of attachment that was granted (*see,* CPLR 6201 [3], [4]). Mangano, J. P., Brown, O'Connor and Weinstein, JJ., concur.