■ KAREN RABBANI, Appellant, v SHAHRAM RABBANI, Respondent.—In an action to set aside, on the grounds of duress and unconscionability, a separation agreement executed by the parties on March 19, 1987, which agreement was incorporated into the parties' bilateral Dominican Republic judgment of divorce issued on March 27, 1987, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated February 5, 1988, which directed that the trial be limited to the issue of duress in the execution of the agreement, and from a judgment of the same court, entered November 30, 1989, which, after a nonjury trial, dismissed the complaint with prejudice.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

After 10 years of marriage, the parties, who were both represented by independent, competent counsel of their choice during negotiations, executed a separation agreement which settled, *inter alia,* all economic and property issues between the parties. Shortly after the signing of the agreement, the parties travelled together to the Dominican Republic, where they appeared in court for entry of a divorce judgment on mutual consent, which judgment directed the parties to comply with the terms of the separation agreement.

Subsequently, the wife commenced the instant action to set aside the separation agreement, on the grounds of duress and unconscionability. She did not challenge the validity of the judgment of divorce.

The New York courts will generally accord recognition to bilateral foreign judgments of divorce, including the terms and provisions of any agreements incorporated therein, under the doctrine of comity *(see, Greschler v Greschler,* 51 NY2d 368, 376). These duly-recognized foreign judgments are thereafter immune from collateral attack in the New York courts by a party who, as here, properly appeared in the foreign divorce action, absent some showing of fraud or a violation of a strong public policy of the State *(see, Greschler v Greschler, supra).* It follows that separation agreements incorporated in valid foreign divorce judgments are also immune from challenges under the doctrine of comity, because such challenges would essentially amount to forbidden collateral attacks on foreign judgments *(see, Greschler v Greschler, supra,* at 378; *see also, McFarland v McFarland,* 70 NY2d 916, 917; *Galyn v Schwartz,* 56 NY2d 969, 972; *Robinson v Robinson,* 120 AD2d 415, 416).

Since the record reveals that neither of the exceptions to the recognition of the Dominican divorce judgment is applicable under the present circumstances, the court properly recognized the judgment under the doctrine of comity, and properly dismissed the plaintiff's action to set aside the separation agreement.

We have examined the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.