■ Roy Azim, Appellant, v Joulia Saidazimova, Respondent. [720 NYS2d 561] —In an action for a judgment declaring that a divorce decree obtained in the Republic of Kirgistan is entitled to comity in the State of New York, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jonas, J.), dated August 22, 2000, which denied his motion pursuant to CPLR 3215 for leave to enter a judgment against the defendant based on her failure to appear or serve an answer.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the divorce decree obtained in the Republic of Kirgistan is entitled to comity in the State of New York.

The plaintiff, who resides in Florida, commenced this action for a judgment declaring that the divorce decree obtained in the Republic of Kirgistan is entitled to comity in New York. The pleadings were served on the defendant, his former wife, by substituted service at her residence in Nassau County. Upon the defendant's failure to appear or serve an answer, the plaintiff moved for leave to enter a judgment. The Supreme Court denied the motion on the ground that there was no proof that Kirgistan is a signatory to article 15 of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents (*see,* 20 UST 361, TIAS 6638, 658 UNTS 163).

The plaintiff presented copies of documents from Kirgistan which established that he and the defendant personally appeared in divorce proceedings in Kirgistan in 1991 and consented to the dissolution of their marriage. A certificate of divorce was registered in Kirgistan in 1998.

Comity should be extended to uphold the validity of a foreign divorce decree absent some showing of fraud in the procurement or that recognition of the judgment would do violence to some strong public policy of the State (*see, Matter of Gotlib v Ratsutsky,* 83 NY2d 696; *Greschler v Greschler,* 51 NY2d 368; *Matter of Caputo,* 266 AD2d 538; *Matter of Fickling v Fickling,* 210 AD2d 223). No such exception to comity is apparent on this record which would permit the court to disregard the facially-valid Kirgistan decree. Article 15 of the Hague Convention, cited by the Supreme Court, is inapplicable here as both parties resided in Kirgistan at the time of the divorce proceedings, and the pleadings in this action were served on the defendant in New York.

Based on the process server's affidavit, the plaintiff established that the defendant was properly served with the summons and complaint in this action, and he is entitled to entry of a judgment against her based on her default. Accordingly, the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment making the appropriate declaration (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). O'Brien, J. P., Santucci, Luciano and Schmidt, JJ., concur.