■ Sandy Mohamed Badawi, Respondent, v Wael Mounir Alesawy, Appellant. [24 NYS3d 683]—

In an action, inter alia, for a judgment declaring that a foreign judgment of divorce obtained by the plaintiff is valid and enforceable in New York, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), entered September 27, 2012, as granted those branches of the plaintiff's motion which were to enforce so much of the foreign judgment of divorce as awarded the plaintiff the sum of $250,000 pursuant to a mahr agreement, and for an attorney's fee and expenses incurred in connection with the issues of custody, child support, maintenance, and distribution of property.

Ordered that the order is affirmed insofar as appealed from, with costs.

In May 1998, the parties were married in New York in a civil ceremony, and, thereafter, were married in New York in a religious ceremony under Islamic law. As part of the religious ceremony, the parties signed a mahr agreement requiring the defendant to make an advanced payment to the plaintiff in the amount of $5,000 and, in the event of divorce, a deferred payment in the amount of $250,000. According to the affidavit of a Fairleigh Dickinson University professor submitted by the plaintiff in support of her motion, the parties' mahr agreement is a marriage agreement in accordance with Islamic law wherein the defendant pledged to pay the plaintiff a "deferred dowry" in the event of a divorce. While the parties were living in Abu Dhabi, United Arab Emirates, the plaintiff sought and obtained a judgment of divorce against the defendant in the Abu Dhabi courts. The judgment of divorce awarded the plaintiff custody of the parties' children and financial relief, including an award of $250,000 pursuant to the mahr agreement.

The plaintiff commenced this action, inter alia, for a judgment declaring that the foreign judgment of divorce is valid

and enforceable in New York. Thereafter, she moved, among other things, to enforce the judgment of divorce and for an attorney's fee with respect to the prosecution of the motion.

"Although not required to do so, the courts of this State generally will accord recognition to the judgments rendered in a foreign country under the doctrine of comity which is the equivalent of full faith and credit given by the courts to judgments of our sister States" (*Greschler v Greschler*, 51 NY2d 368, 376 [1980]; *see Kuznetsov v Kuznetsova*, 127 AD3d 1031 [2015]). Comity should be extended to uphold the validity of a foreign divorce decree absent a showing of fraud in its procurement or that recognition of the judgment would do violence to a strong public policy of New York (*see Matter of Gotlib v Ratsutsky*, 83 NY2d 696, 699-700 [1994]; *Greschler v Greschler*, 51 NY2d at 376; *Farag v Farag*, 4 AD3d 502, 504 [2004]; *Azim v Saidazimova*, 280 AD2d 566, 567 [2001]). Moreover, in extending comity to uphold the validity of a foreign divorce decree, New York courts will generally recognize all the provisions of such decrees, including any agreement which may have been incorporated therein, unless modification is required by reason of some compelling public policy (*see Greschler v Greschler*, 51 NY2d at 376-377; *Rabbani v Rabbani*, 178 AD2d 637, 638 [1991]).

Here, the mahr agreement, although not acknowledged in accordance with Domestic Relations Law § 236 (B) (3), was signed by the parties and two witnesses, as well as the Imam of the Islamic Cultural Center of New York. Under the circumstances presented, the Supreme Court properly recognized so much of the foreign judgment of divorce as incorporated the mahr agreement under the principles of comity, as no strong public policy of New York was violated thereby (*see Greschler v Greschler*, 51 NY2d 368 [1980]; *Rabbani v Rabbani*, 178 AD2d 637 [1991]). Accordingly, the court properly granted that branch of the plaintiff's motion which was to enforce so much of the judgment of divorce as awarded the plaintiff the sum of $250,000 pursuant to the mahr agreement.

Moreover, the Supreme Court providently determined that the plaintiff was entitled to an award of an attorney's fee and expenses incurred in connection with the issues of custody, child support, maintenance, and distribution of property (*see* Domestic Relations Law § 237 [a], [b]). Mastro, J.P., Leventhal, Roman and Barros, JJ., concur.