OPINION OF THE COURT
William J. Giacomo, J.
In an action commenced by a motion for summary judgment in lieu of complaint seeking recognition and enforcement of a foreign country money judgment, pursuant to article 53 of the CPLR, awarding plaintiff the aggregate amount of $116,681.99 *951 (1) the defendant moves to dismiss the complaint, pursuant to CPLR 3211 (a) (7); and (2) the plaintiff moves for leave to renew and reargue his prior motion for summary judgment in lieu of complaint, pursuant to CPLR 2221.
Factual and Procedural Background
The parties were married in May 1998 in a New York civil ceremony, and, thereafter, were married in New York in a religious ceremony under Islamic law (see Badawi v Alesawy, 135 AD3d 792 [2d Dept 2016]). In March 2002, the parties purchased a house in Westchester County for approximately $395,000. On June 1, 2006, the parties purchased a villa in Egypt in the amount of EGP 1,246,227.
In the fall of 2006, the plaintiff husband received a job offer in Abu Dhabi, one of seven emirates in the United Arab Emirates (UAE). Thereafter, the parties and their two children moved to Abu Dhabi (see S.B. v W.A., 38 Misc 3d 780, 785 [Sup Ct, Westchester County 2012]).
Judgment of Divorce
While living in Abu Dhabi, the defendant wife sought and obtained a judgment of divorce against the plaintiff husband in the Abu Dhabi courts. The judgment of divorce awarded the defendant custody of the parties’ two children and financial relief, including an award of $250,000 pursuant to the parties’ mahr agreement.[1]
The defendant wife commenced a previous action in New York for a judgment declaring that the foreign judgment of divorce was valid and enforceable in New York and thereafter moved to enforce the judgment of divorce and mahr agreement. In an order entered September 26, 2012, the Supreme Court, Westchester County (Connolly, J.), granted the defendant wife’s motion to enforce the foreign judgment of divorce awarding her $250,000 pursuant to the mahr agreement (see S.B. v W.A., 38 Misc 3d 780 [2012]).
The plaintiff husband appealed and the order was affirmed (see Badawi v Alesawy, 135 AD3d 792 [2d Dept 2016]).
Judgment Awarding Plaintiff Carrying Costs on the New York and Egypt Properties
While the defendant and the parties’ children were living in Abu Dhabi, plaintiff husband commenced a separate action *952 against the defendant wife in the Court of First Instance in Abu Dhabi, Commercial Circuit.
The decision of the Honorable Francesca E. Connolly sets forth a complete recitation of the court system in Abu Dhabi. The Abu Dhabi court system is composed of three layers of adjudication: Court of First Instance; the Court of Appeal; and the Court of Cassation. The Court of First Instance has jurisdiction over civil, criminal, and personal status cases (see S.B. v W.A., 38 Misc 3d at 787). Personal status cases include marriage, divorce, child custody, and other family disputes (id.). For personal status matters, state courts have jurisdiction where citizens or aliens have a domicile, residence, or place of business in the UAE (id.). The provisions of the Personal Status Law apply to UAE residents who are not citizens unless one of the parties requests that the law of their home state be applied (id.).
Plaintiff alleged, in that action, that the defendant was required to share equally in the mortgage payments for the property in the United States as well as the villa in Egypt and that she failed to contribute to the carrying costs. The defendant asserted counterclaims alleging that she paid the expenses of their children and other expenses of the household that should be credited to her and that the plaintiff assaulted her causing injuries for which she sought a monetary judgment.
The Court of First Instance appointed an accounting expert. The expert prepared a report identifying the procedures taken and the documents approved on the original claim and the counterclaim and concluded that the amount payable to the plaintiff was $12,489.28 for the house in New York and EGP 587,694.46 for the villa in Egypt. The findings of the expert did not include the expenses of the marital home claimed to be paid by the defendant. Thereafter, continuing court sessions were held and additional briefs and documents were submitted.
On November 28, 2010, the Court of First Instance rendered a judgment (case No. 1373/2009) granting plaintiff’s request for past mortgage payments on the former marital residence in New York in the amount of $12,489.28 and for the villa in Egypt in the amount of EGP 587,694.46. The court dismissed so much of the defendant’s counterclaim seeking compensation for physical harm allegedly caused by the plaintiff as it was not a proper counterclaim and directed defendant that the proper procedure would be to commence a separate action.
*953 The defendant appealed from the judgment of the Court of First Instance to the Abu Dhabi Court of Appeal. The defendant reported that she incurred household expenses in return for the plaintiff’s obligation to make the mortgage payments. The defendant submitted documents related to spending for the children, the salary of servants, food, clothes, phone, and a present for her husband. In a decision dated May 10, 2011, the Court of Appeal for the First Commercial Appeal Circuit set aside that part of the judgment issued on the claim and the counterclaim with respect to the payments the defendant wife made on the marital house, remanded the case to the Court of First Instance to be heard by a one judge panel, and directed the clerk’s office to fix a date for a hearing.
Plaintiff’s Prior Motion for Summary Judgment in Lieu of Complaint
On or about June 8, 2016, plaintiff husband commenced this action by the filing of a summons and motion for summary judgment in lieu of complaint pursuant to CPLR 3213 to domesticate and enforce the money judgment rendered by the Abu Dhabi Court of First Instance, case No. 1373/2009, which was in his favor and against defendant.
The plaintiff’s motion papers included a copy of the judgment rendered November 28, 2010 by the Abu Dhabi Court of First Instance (case No. 1373/2009) in the amount of US Dollars (USD) $12,489.28 and EGP 587,694.46. Plaintiff also submitted an affidavit establishing the failure to pay or collect on the judgment.
In opposition, the defendant submitted an affidavit from a Professor Gabriel Sawma who attested that the judgment sued upon by the plaintiff was reversed on appeal and had been remanded back to the lower court, the Court of First Instance, to be heard by a one judge panel which had not ruled yet. Although defendant requested dismissal of the action there was no notice of motion attached to her opposition papers.
Plaintiff replied alleging that although the judgment was appealed, it was not in any respect canceled, and claimed that he was still permitted to enforce and seek execution of the judgment.
In an order dated November 15, 2016, this court found that although plaintiff demonstrated entitlement to summary judgment, thereby shifting the burden to the defendant, an issue of fact was raised in opposition which could only be resolved at a trial and denied plaintiff’s motion for summary judgment in lieu of complaint.
*954 Defendant’s Motion to Dismiss and Plaintiffs Motion to Renew and Reargue
Defendant now moves to dismiss the action, pursuant to CPLR 3211 (a) (7). Defendant argues that the judgment rendered by the Abu Dhabi Court of First Instance is not final, conclusive and enforceable in Abu Dhabi, that the Court of Appeal vacated the judgment and, therefore, that it is not recognizable in New York under CPLR 5301.
Plaintiff cross-moves for leave to renew and reargue his prior motion for summary judgment in lieu of complaint, pursuant to CPLR 2221, and upon renewal and reargument, seeks summary judgment and the entry of a judgment in his favor and against defendant in the amount of $116,681.99,[2] with interest from April 22, 2016.
Plaintiff argues that on December 27, 2016, the Abu Dhabi court issued an execution decree permitting and in fact directing execution on the judgment. Plaintiff argues that although the judgment was remanded to be heard by a one judge panel over six years ago, defendant failed to pursue and move forward with the remand, that her time to do so lapsed, and that the judgment became final and enforceable resulting in the execution decree.
Plaintiff submits a translated copy of the execution decree bearing a certification by the consul of the United States of America at Abu Dhabi, UAE, as well as an expert affidavit of Mohamed Abdulla A1 Buraiki. Buraiki attests that he is an attorney admitted to practice law in Abu Dhabi. According to Buraiki, the execution decree states “[t]he competent authorities should initiate the execution of [the judgment] and perform execution thereunder. They should also execute it even by force when requested to do so.” Buraiki states that although the judgment was remanded to the Court of First Instance to be heard by a one judge panel, the remand directive was issued over six years ago for the purpose of enabling defendant to attempt to establish additional damages to reduce her liability to plaintiff under the judgment. Based upon defendant’s failure to pursue and move forward with that directive, her time to do so lapsed. Buraiki states that, within 60 days after the entry of *955 the remand directive, i.e. as of July 9, 2011, the judgment became final and enforceable as evidenced by the execution decree.
Plaintiff further argues that defendant should be barred from submitting successive motions to dismiss.
In opposition to plaintiffs cross motion and in further support of her motion to dismiss, defendant argues that she was not represented by counsel when filing her opposition to plaintiffs first motion for summary judgment and that this is the first time she is seeking dismissal relief. Defendant argues that the judgment from the Court of First Instance was remanded and, therefore, it is not final and conclusive. Moreover, defendant argues that the Abu Dhabi court did not have jurisdiction over the subject matter because the properties were not located there. She argues that New York is the proper venue with subject matter jurisdiction to determine the distribution and valuation of the New York residence. Defendant further states that the parties were married in New York and are American citizens and that requiring her to pay for contribution to the marital estate would violate New York public policy.
Defendant submits an affidavit stating that the Abu Dhabi Court of Appeal directed the court clerk to notice the parties for a hearing and that she never received such notice of a remand hearing. She states that plaintiff left Abu Dhabi in 2010 and that she returned to New York from Abu Dhabi in 2011. She states that Abu Dhabi does not have jurisdiction over the parties since they did not own any property there, they are American citizens, and the apartment in Egypt should be subject to litigation in Egypt.
Defendant also submits an expert affidavit of Hassan Elhais and Awatif Khouri, attorneys practicing in Dubai, another emirate in the UAE. Elhais and Khouri attest that the Abu Dhabi Court of Appeal remanded the case back to the Court of First Instance and directed the court clerk to set a hearing date. According to Elhais and Khouri, the parties had never been informed of the new hearing date. Elhais and Khouri disagree with Buraiki about the 60-day time limit. Elhais and Khouri state that the 60-day period to appeal the Court of Appeal judgment to the Court of Cassation (the highest court in Abu Dhabi) is not applicable
“because the time-bar for the Court of Cassation is only applicable if [defendant] wishes to object *956 against the judgment, but if she wishes to accept the order and wait until the First Instance family court fixes a hearing date, then the sixty-day period for submitting a cassation petition is not applicable.”
Discussion
I. Plaintiffs Motion to Renew
A motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination and must contain reasonable justification for the failure to present such facts on the prior motion (see CPLR 2221 [e]; Robinson v Viani, 140 AD3d 845 [2d Dept 2016]). Inasmuch as the execution decree from the Abu Dhabi court was rendered after this court’s decision and order on plaintiff’s motion for summary judgment in lieu of complaint, plaintiff provided a reasonable justification for not submitting the execution decree with his initial motion papers.
II. Plaintiff’s Motion for Summary Judgment in Lieu of Complaint and Defendant’s Motion to Dismiss
On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, “the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Minovici v Belkin BV, 109 AD3d 520, 521 [2d Dept 2013]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Treeline 990 Stewart Partners, LLC v RAIT Atria, LLC, 107 AD3d 788, 791 [2d Dept 2013]).
Pursuant to CPLR 3213, a party may commence an action by motion for summary judgment in lieu of complaint when the action is “based upon an instrument for the payment of money only or upon any judgment” (Oak Rock Fin., LLC v Rodriguez, 148 AD3d 1036, 1039 [2d Dept 2017]). In order to meet its prima facie burden on his summary judgment motion, plaintiff is required to demonstrate “the existence of the guaranty, the underlying debt and the guarantor’s failure to perform under the guaranty” (Cooperatieve Céntrale Raiffeisen-Boerenleenbank, B.A., “Rabobank Intl.,” N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]). Once the plaintiff establishes, prima facie, its entitlement to judgment as a matter of law, “the burden shifts to the defendant to establish, by admissible evidence, the existence of a triable issue with respect to a bona *957 fide defense” (Oak Rock Fin., LLC v Rodriguez, 148 AD3d at 1039, quoting Cooperatieve Céntrale Raiffeisen-Boerenleenbank, B.A., “Rabobank Intl.,” N.Y. Branch v Navarro, 25 NY3d at 492).
“New York has traditionally been a generous forum in which to enforce judgments for money damages rendered by foreign courts” (Abu Dhabi Commercial Bank PJSC v Saad Trading, Contr. & Fin. Servs. Co., 117 AD3d 609, 610 [1st Dept 2014], citing CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d 215, 221 [2003]). Article 53 of the CPLR codified and clarified existing case law applicable to the recognition of foreign country money judgments based on principles of international comity “and, more importantly, to promote the efficient enforcement of New York judgments abroad by assuring foreign jurisdictions that their judgments would receive streamlined enforcement here” (CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d at 221; see Abu Dhabi Commercial Bank PJSC v Saad Trading, 117 AD3d at 610-611).
When proceeding under article 53, “the judgment creditor does not seek any new relief against the judgment debtor, but instead merely asks the court to perform its ministerial function of recognizing the foreign country money judgment and converting it into a New York judgment” (CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d at 222, quoting Lenchyshyn v Pelko Elec., 281 AD2d 42, 49 [4th Dept 2001]).
Article 53 of the CPLR, entitled, “Recognition of Foreign Country Money Judgments,” applies to any foreign country judgment which is final, conclusive and enforceable where rendered even though an appeal therefrom is pending or it is subject to appeal (CPLR 5302). A foreign country judgment is conclusive between the parties to the extent that it grants or denies recovery of a sum of money (CPLR 5303). Such a foreign judgment is enforceable by an action on the judgment, a motion for summary judgment in lieu of complaint, or in a pending action by counterclaim, cross claim or affirmative defense (CPLR 5303).
Plaintiff attaches a certified translated copy of the judgment and the execution decree confirming that the judgment can be enforced against the defendant. The decision of the Court of Appeal setting aside that part of the judgment with respect to the payments the defendant wife made on the marital house and remanding the case to the Court of First Instance was issued in 2011. Defendant’s contention that the judgment is not *958 final, conclusive or enforceable on the grounds that the remand hearing has not taken place in over five years because the clerk of the Court of First Instance never contacted the parties to fix a date for hearing, although directed to do so, is unpersuasive, particularly in light of the execution decree (see Seetransport Wiking Trader Schiffahrtsgesellschaft MBH & Co., Kommanditgesellschaft v Navimpex Centrala Navala, 29 F3d 79, 82 [2d Cir 1994] [Holding that “exequatur” seems to presuppose the existence of a “judgment” that can be rendered executable. “However, while we do not believe that New York would recognize the arbitral award-without-exequatur as a judgment in and of itself, we think that it would recognize as a judgment the decree that confers exequatur on the arbitral award” (emphasis omitted)]; Overseas Dev. Bank in Liquidation v Nothmann, 115 AD2d 719 [2d Dept 1985] [Holding, on remand, that the plaintiff’s motion for summary judgment in lieu of complaint was properly granted. The Appellate Division initially held that the English judgments were not final, conclusive and enforceable without a writ of execution. Plaintiff thereafter obtained leave from the Queen’s Bench Division of England’s High Court of Justice to issue a writ of execution. Based upon plaintiff’s obtaining a writ of execution, the Court of Appeals reversed and remitted the case back to the Appellate Division to consider defendants’ remaining arguments concerning other mandatory and discretionary grounds for denying recognition of the foreign judgments]).
With respect to the difference of opinion between the plaintiff’s expert on Abu Dhabi law and the defendant’s experts, this court credits the affidavit of plaintiff’s expert who practices in Abu Dhabi, where the judgment was rendered. The defendant’s experts practice in Dubai, which is a separate emirate within the UAE.
Therefore, based upon the foregoing, the court finds that plaintiff’s application complies with CPLR 5302.
A, Mandatory Grounds for Nonrecognition
“A plaintiff seeking enforcement of a foreign country judgment bears the burden of making a prima facie showing that the mandatory grounds for nonrecognition do not exist” (Daguerre, S.A.R.L. v Rabizadeh, 112 AD3d 876, 878 [2d Dept 2013]; see Gemstar Can., Inc. v George A. Fuller Co., Inc., 127 AD3d 689 [2d Dept 2015]). Pursuant to CPLR 5304, a foreign country judgment is not conclusive and may not be recognized if it was “rendered under a system which does not provide *959 impartial tribunals or procedures compatible with the requirements of due process of law” or “the foreign court did not have personal jurisdiction over the defendant” (CPLR 5304 [a] [1], [2]; see Daguerre, S.A.R.L. v Rabizadeh, 112 AD3d at 877-878; CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d at 221-222).
1. Impartial Tribunals or Procedures Compatible with Due Process
CPLR 5304 (a) (1) bars recognition of a foreign country judgment if the judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law. “CPLR 5304 (a) (1) does not demand that the foreign tribunal’s procedures exactly match those of New York” (CIBC Mellon Trust Co. v Mora Hotel Corp., 100 NY2d at 222). The statute is satisfied if the procedures are compatible with the requirements of due process of law (id.).
Initially, it is noteworthy and compelling that in the prior proceeding commenced by the defendant wife against the plaintiff husband, wherein she sought to have the judgment of divorce and mahr agreement recognized and entered as a New York judgment, defendant asserted that the New York courts
“should recognize the foreign court’s judgment declaring the mahr agreement valid and enforceable . . . and allow entry of the judgment under article 53 of the CPLR, since the Abu Dhabi court had jurisdiction over the parties . . . [and] the judgment was rendered under a system compatible with the requirements of due process of law” (S.B. v W.A., 38 Mise 3d at 801).
Moreover, both parties appeared before the Court of First Instance in Abu Dhabi with counsel and fully participated in the proceedings. The court appointed an accounting expert to determine the amount of liability of each party. Defendant exercised her right to appeal to the Court of Appeal and thereafter failed to pursue any further relief on remand. There is no evidence to raise an issue of fact that the procedures promulgated in Abu Dhabi were not compatible with the requirements of due process.
2. Jurisdiction
A second mandatory ground for nonrecognition is the foreign court’s lack of personal jurisdiction over defendant (CPLR 5304 [a] [2]). The foreign country judgment will not be refused rec *960 ognition for lack of personal jurisdiction if, inter alia, the defendant voluntarily appeared in the proceedings or was domiciled in the foreign state when the proceedings were instituted (CPLR 5305 [a] [2], [4]).
In her affidavit, defendant attests that she moved to Abu Dhabi in or about August 2007 and returned to New York in or about June 2011. The underlying proceedings were commenced when the defendant was domiciled in Abu Dhabi and the judgment was issued in 2010, when the defendant was still living in Abu Dhabi.
Defendant’s argument that New York rather than Abu Dhabi is the proper venue to discern the parties’ rights with respect to the property is also unavailing. Indeed, it was defendant who initiated the divorce proceedings in Abu Dhabi, while both parties resided there. The underlying proceeding regarding the marital properties was commenced while defendant was domiciled in Abu Dhabi, and both parties were represented by counsel, participated in the proceedings, and had a full opportunity to contest jurisdiction which defendant failed to do.
Conclusion
In light of the foregoing, it is ordered that the defendant’s motion to dismiss, pursuant to CPLR 3211, is denied (motion sequence No. 2); and it is further ordered that the plaintiff’s cross motion for leave to renew his prior motion for summary judgment in lieu of a complaint, pursuant to CPLR 2221, is granted (motion sequence No. 3); and it is further ordered that, upon renewal, plaintiff’s motion pursuant to CPLR 3213 for summary judgment in lieu of a complaint is granted; and it is further ordered that the plaintiff’s Abu Dhabi judgment which is in his favor and against the defendant is hereby recognized by this court pursuant to CPLR article 53; and it is further ordered that the plaintiff shall submit a proposed judgment to the Westchester County Clerk in his favor and against defendant in accordance herewith.

. A mahr agreement is a marriage agreement in accordance with Islamic law wherein the husband pledged to pay the wife a “deferred dowry” in the event of a divorce (see Badawi v Alesawy, 135 AD3d 792, 792 [2d Dept 2016]).

. Representing USD $12,489.28 set forth in the judgment for the New York house; USD $66,150.84 based on the conversion of Egyptian Pounds EGP 587,694.46 awarded in the judgment, applying the exchange rate as of April 21, 2016; and USD $38,041.87 postjudgment interest on the principal sum between November 28, 2010 to April 21, 2016.