20-1503-cv
*Servipronto De El Salvador, S.A. v. McDonald's Corporation*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of December, two thousand twenty.

PRESENT:   DENNY CHIN,
           RAYMOND J. LOHIER, JR.,
           MICHAEL H. PARK,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SERVIPRONTO DE EL SALVADOR, S.A.,
                    *Plaintiff-Appellant,*


           -v-                                           20-1503-cv

MCDONALD'S CORPORATION,
                    *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          FRANCISCO A. RODRIGUEZ (Steven M. Cordero, *on the brief),* Akerman LLP, Miami, Florida, *and* New York, New York.

FOR DEFENDANT-APPELLEE:            JONATHAN C. BUNGE (Ryan
                                                          McCartney, Margaret Haas, *on the brief*),
                                                          Quinn Emanuel Urquhart & Sullivan,
                                                          LLP, Chicago, Illinois.


Appeal from the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Servipronto De El Salvador, S.A. ("Servipronto") appeals from the district court's judgment, entered April 8, 2020, in favor of defendant-appellee McDonald's Corporation ("McDonald's"). By opinion and order entered April 6, 2020, the district court granted McDonald's motion to dismiss and denied Servipronto's motion for summary judgment.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This action stems from a December 6, 2005 judgment entered by the Second Civil Court of El Salvador in favor of Servipronto for $23,977,493.40 (the "principal amount"). The judgment did not include any pre-judgment or post-judgment

interest. Servipronto argues that it is entitled to post-judgment interest on the principal amount for the period from December 6, 2005 through September 11, 2019.[1]

McDonald's appealed the judgment through the Salvadoran court system between 2006 and 2012. On September 4, 2012, after having exhausted its appeals, McDonald's deposited the principal amount into the Treasury Department of El Salvador. The funds were not immediately released to Servipronto, and it brought proceedings in El Salvador seeking release of the funds as well as the payment of interest. The Second Civil Chamber of the First Section in El Salvador held that Servipronto was not entitled to post-judgment interest because of Servipronto's failure to make a timely request. Following affirmance by the Second Court in Civil Matters of the First Section in El Salvador on March 16, 2017 and by the Second Civil Chamber in El Salvador on August 21, 2019, the First Mercantile Court ordered that the principal amount previously deposited by McDonald's be released to Servipronto. Servipronto collected the principal amount on September 11, 2019. On October 23, 2019, the Salvadoran litigation closed.

On June 1, 2011, Servipronto initiated this action in the New York State Supreme Court, New York County, pursuant to New York's Uniform Foreign Country Money-Judgments Recognition Act, Article 53 of New York's Civil Practice Law and

---

[1] Servipronto argues that it would be entitled to $39,627,891.27 in interest if El Salvador's twelve percent interest rate applies, or $29,720,880.75 if New York's nine percent interest rate applies.

-3-

Rules ("Article 53"), seeking payment of the principal amount in addition to a payment of post-judgment interest. Defendant removed the action to the district court on July 1, 2011. The proceedings were for the most part stayed until October 2019 while the litigation in El Salvador was pending, after which Servipronto filed its motion for summary judgment and McDonald's filed its motion to dismiss. On April 6, 2020, the district court ruled in favor of McDonald's, concluding that the case was moot in light of the proceedings in El Salvador.

"We review the district court's grant of a motion to dismiss *de novo*, but may affirm on any basis supported by the record." *Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 366 (2d Cir. 2014) (per curiam) (citing *Scott v. Fischer*, 616 F.3d 100, 105 (2d Cir. 2010)). We also apply *de novo* review in considering the enforcement of foreign judgments. *See Diorinou v. Mezitis*, 237 F.3d 133, 140 (2d Cir. 2001).

New York law governs actions brought in the State of New York to enforce judgments from foreign countries. *See Island Territory of Curacao v. Solitron Devices, Inc.*, 489 F.2d 1313, 1318 (2d Cir. 1973). Article 53 grants judicial recognition to "any judgment of a foreign state granting or denying recovery of a sum of money," N.Y. C.P.L.R. § 5301(b), where such judgments are "final, conclusive and enforceable where rendered even though an appeal therefrom is pending or it is subject to appeal," N.Y. C.P.L.R. § 5302. Article 53 further provides that except for specific grounds for non-recognition as enumerated in section 5304, "a foreign country judgment meeting the

-4-

requirements of section 5302 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money." N.Y. C.P.L.R. § 5303.

Article 53 "was designed to promote the efficient enforcement of New York judgments abroad by assuring foreign jurisdictions that their judgments would receive streamlined enforcement in New York." *Chevron Corp. v. Naranjo*, 667 F.3d 232, 241 (2d Cir. 2012) (internal quotation marks omitted). "New York courts have accorded recognition to the judgments rendered in a foreign country under the doctrine of comity absent some showing of fraud in the procurement of the foreign country judgment or that recognition of the judgment would do violence to some strong public policy of [New York State]." *Sung Hwan Co. v. Rite Aid Corp.*, 7 N.Y.3d 78, 82 (2006) (internal quotation marks and alteration omitted). Therefore, "[g]enerally speaking, if the foreign country money judgment meets [Article 53's] conditions, it is conclusive and entitled to recognition." *Lenchyshyn v. Pelko Elec., Inc.*, 723 N.Y.S.2d 285, 288 (4th Dep't 2001) (internal quotation marks omitted).

Here, several courts in El Salvador -- the Second Civil Chamber of the First Section of the Center of El Salvador, the Second Court in Civil Matters of the First Section of the Center of El Salvador, and the Second Civil Chamber of the First Circuit of the Center of El Salvador -- concluded that Servipronto is not entitled to interest on the principal amount. Servipronto itself concedes that Salvadoran courts have denied Servipronto's application for post-judgment interest on procedural grounds but argues

that it still has a viable claim for interest payment, pointing to the March 16, 2017

opinion of the Second Court in Civil Matters of the First Section of the Center of El

Salvador (the "Second Court"), which acknowledged Servipronto's right to an interest

payment.  In the same opinion, however, that court ultimately held that Servipronto

was procedurally barred from seeking an interest payment, and on August 21, 2019, the

Second Civil Chamber of the First Circuit of the Center of El Salvador held that

Servipronto's claim for interest "lacks a legal basis."  S. App'x at 550.

While a party seeking to domesticate an *unsatisfied* foreign judgment

under Article 53 may be entitled to an award of interest payment by New York courts,

*see, e.g.*, *Abu Dhabi Com. Bank PJSC v. Saad Trading, Contracting & Fin. Servs. Co.*, 986

N.Y.S.2d 454, 458–59 (1st Dep't 2014), here, the judgment awarding Servipronto the

principal amount was indisputably satisfied in El Salvador and Salvadoran courts

conclusively held that Servipronto is not entitled to interest payment, and under those

circumstances Article 53 does not permit a separate claim for interest.  If we were to

now award interest, we would be contravening the principles of comity that Article 53

set out to codify.  *See Sung Hwan Co.*, 7 N.Y.3d at 82; *accord Byblos Bank Europe, S.A. v.*

*Sekerbank Turk Anonym Syrketi*, 10 N.Y.3d 243, 247 (2008) ("The doctrine of comity refers

to the spirit of cooperation in which a domestic tribunal approaches the resolution of

cases touching the laws and interests of other sovereign states.") (internal quotation

marks omitted); *Lenchyshyn*, 723 N.Y.S.2d at 289 ("[A]s a general matter we of course

-6-

would accord a[] [foreign] judgment the same recognition as a sister state judgment, albeit as a matter of international comity rather than constitutional imperative."); *S.B. v. W.A.*, 959 N.Y.S.2d 802, 821 (Sup. Ct. 2012), *aff'd sub nom. Badawi v. Wael Mounir Alesawy*, 24 N.Y.S.3d 683 (2d Dep't 2016) (Even where foreign state laws "may be more expansive than the laws of New York, [New York courts are] not precluded from recognizing and entering the judgment under the doctrine of comity."); *Greschler v. Greschler*, 51 N.Y.2d 368, 376 (1980) ("Although not required to do so, the courts of this State generally will accord recognition to the judgments rendered in a foreign country under the doctrine of comity.").

This Court has previously recognized the significance of deference to foreign court judgments as a "matter of comity." *Diorinou*, 237 F.3d at 142-43 (2d Cir. 2001) (citing authorities); *see also Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 160 (2d Cir. 2005) (dismissal of domestic case in light of foreign judgment could be supported "on grounds of international comity"); *Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 713 (2d Cir. 1987) (courts in the United States have recognized the need to extend comity to foreign proceedings).

In addition, applying New York choice-of-law rules, Salvadoran law on *res judicata* controls. Therefore, we look to Salvadoran *res judicata* principles. *See Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 275 (1970) ("[T]he law of the rendering jurisdiction, insofar as it limits the effect of its own judgments, would also limit elsewhere the

preclusive effect of the judgment and the definition of the parties bound.");

*accord Schoenbrod v. Siegler*, 20 N.Y.2d 403, 409 (1967) (applying Mexican *res judicata* principles to determine preclusive effect of Mexican divorce decree); *Voreep v. Tarom Romanian Air Transp.*, 1999 WL 311811, at *4 (applying Romanian res judicata principles to determine preclusive effect of Romanian judgment).

The Second Court in Civil Matters of the First Section of the Center of El Salvador held that the principle of *res judicata* barred Servipronto's claim for post-judgment interest, noting that it could not "assess new elements of debate" because doing so "would be as renewing the instance of a closed trial that has already passed through the authority of res judicata." S. App'x at 481. In sum, the question of whether Servipronto is entitled to post-judgment interest has been resolved by Salvadoran courts and we see no reason to reject or disturb the foreign judgment in light of the aforementioned principles of comity and *res judicata*.

\* \* \*

We have considered Servipronto's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-8-