Khan v Hasan (2023 NY Slip Op 04662)

Khan v Hasan

2023 NY Slip Op 04662

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-05913
 (Index No. 613261/20)

[*1]Muhammad Ahmer Khan, respondent, 
v
Aisha Ziaul Hasan, appellant.

Amina Rashad & Associates, P.C., Uniondale, NY (Adham Elsayed of counsel), for appellant.
David W. Teeter, Uniondale, NY, for respondent.

DECISION & ORDER
In a plenary action to set aside the parties' Mahr agreement, related to a separate action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Jeffry A. Goodstein, J.), dated July 19, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in a civil ceremony on March 2, 2016, and subsequently held a religious ceremony on September 12, 2016. The parties' religious certificate of marriage, which was signed by two witnesses and an imam, but was not acknowledged, lists an amount of $50,000 for "Meher." The parties assert that a Meher or Mahr agreement is an agreement between the parties to a marriage, in accordance with Islamic law, that the husband will pay to the wife a specified sum in the event of a divorce.
Related to a separate action for divorce and ancillary relief, the plaintiff commenced this plenary action to set aside the Mahr agreement. The plaintiff moved, inter alia, for summary judgment on the complaint, which was granted in an order dated July 19, 2021. The order determined that the Mahr agreement was unenforceable for lack of acknowledgment. The defendant appeals.
"It is without question that when courts must touch upon questions of religious concerns, they may not consider religious doctrine" (Schwartz v Schwartz, 153 Misc 2d 789, 793 [Sup Ct, Kings County]). "[H]owever, the [United States] Supreme Court, in holding that a State may adopt any approach to resolving religious disputes which does not entail consideration of doctrinal matters, specifically approved the use of the neutral principles of law approach as consistent with constitutional limitations. This approach contemplates the application of objective, well-established principles of secular law to the dispute, thus permitting judicial involvement to the extent that it can be accomplished in purely secular terms" (Avitzur v Avitzur, 58 NY2d 108, 114-115 [citations and internal quotation marks omitted]).
Domestic Relations Law § 236(B)(3) states that "[a]n agreement by the parties, made [*2]before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded." "[A]n unacknowledged agreement is invalid and unenforceable in a matrimonial action" (Matisoff v Dobi, 90 NY2d 127, 136).
Here, pursuant to the neutral principles of law approach, the Supreme Court properly determined that the Mahr agreement was unenforceable for lack of proper acknowledgment (see Domestic Relations Law § 236[B][3]; Matisoff v Dobi, 90 NY2d at 136), as it would be improper and unconstitutional to treat a Mahr agreement differently than other religious or nonreligious nuptial agreements in terms of procedural requirements (see generally Grumet v Cuomo, 90 NY2d 57, 69). This determination does not run afoul of our holding in Badawi v Alesawy (135 AD3d 792), as that matter recognized a foreign judgment of divorce under the principles of comity, whereas the present case concerns a divorce action filed in New York, and subject to New York law. Further, contrary to the defendant's contention, she cannot cure the acknowledgment defect at this late date, as the Court of Appeals has held that "an acknowledgment must be executed contemporaneously, although not necessarily simultaneously, with the party's signing of the agreement" (Anderson v Anderson, 37 NY3d 444, 452).
Accordingly, we affirm the order insofar as appealed from.
IANNACCI, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court