D.S.S. v C.B. (2025 NY Slip Op 50687(U))

[*1]

D.S.S. v C.B.

2025 NY Slip Op 50687(U)

Decided on April 29, 2025

Supreme Court, Suffolk County

Graf, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 29, 2025
Supreme Court, Suffolk County

D.S.S., Plaintiff,

against
C.B., Defendant.

Index No. 604513/2025

For the Plaintiff:
DOUGLAS P. MAYER, ESQ. 
194 Old Country Road, Second Floor
Mineola, New York 11501
C.B.
Defendant- Pro Se

Alfred C. Graf, J.

In this matter before the Court, the Plaintiff, D.S.S, by Notice of Motion dated March 10, 2025, seeks an order for the following relief:
1. Recognize a foreign Judgment of Divorce; and
2. Grant a Domestic Relations Order.
The parties herein were married on June 25, 1996, and subsequently divorced by Judgment of the Court of First Instance 19th Chamber, Republic and Canton of Geneva on August 15, 2024. The Plaintiff, in support of his application, has submitted the foreign Judgment divorcing the parties which is written in French, and provided a copy of the Judgment translated into the English language. The Judgment of Divorce translated into English is accompanied by a Certification of Translation Accuracy duly sworn by a managing partner of Immitranslate, the company that performed the translation, and a Certification of Translator Competency signed by Joel Servy.
Also provided is the agreement of the parties entitled "Agreed Conclusions", setting forth the terms resolving the financial issues between the parties, which is signed by the parties and their respective counsel. The Agreement, which is written in French, is accompanied by a copy translated into the English language. The Agreement translated into English is includes a Certification of Translation Accuracy duly sworn by a managing partner of Immitranslate, and a Certification of Translator Competency signed by Joel Servy.
Plaintiff's application seeks recognition of the foreign Judgment to facilitate the issuance [*2]of a Domestic Relations Order in this State dividing his retirement Plan for Officers of Columbia University for which he is a participant, currently administered by TIAA. Plaintiff has submitted in support of his application a copy of a Domestic Relations Order related to the division of the retirement account, which sets forth that the Wife, as the alternate payee, is entitled to a benefit equal to $60,812.61, representing fifty percent (50%) of the marital portion of the account from the date of marriage until the date of dissolution, that being a determination date of December 31, 2023. 
Both the Plaintiff-Husband and the Defendant-Wife have submitted Affirmations in support of the application for an Order to have this Court recognize the foreign Judgment of Divorce. The Affirmations further set forth their acknowledgment, consent, and agreement to the issuance of a Domestic Relations Order, a copy of which is annexed to the motion which includes the pre-approval letter of the proposed DRO from TIAA, advising that the Domestic Relations Order will be Qualified once signed by a Court of authority.
It is well settled that a foreign judgment consists of Judgments from a court of another state, also known as a "sister-state judgment", as well as judgments from a court of foreign nation. Judgments emanating from another State are entitled to recognition under the Full Faith and Credit Clause of the United States Constitution,[FN1]
while Judgments from foreign nations are not entitled to such automatic privilege but can be provided recognition through the doctrine of comity. 
While there is no constitutional obligation by a State to recognize a judgment rendered by another nation, judgments from foreign nations are often recognized and comity, or voluntary deference, is often extended. Indeed, the courts of this State generally will accord recognition to foreign judgments rendered in a foreign country under the doctrine of comity which is the equivalent of full faith and credit given by the courts to judgments of our sister States. Greschler v. Greschler, 51 NY2d 368. (New York Court of Appeals 1980). "Due regard to international duty and convenience, and the sense that respect is due to the judicial act of a sovereign . . . is customarily accorded to the foreign decree to the extent that it is enforceable in the country which rendered it, provided that in the foreign tribunal there was a jurisdictional predicate in the procedural due process sense that the public policy of the particular State is not thereby contravened." DAB v MAS, 77 Misc 3d 679, (2022). Absent fraud in the procurement in the foreign Judgment or such judgment being offensive to the public policy of this State, the Judgment will be recognized.
The foreign Judgment indicates that both the Husband and Wife appeared in the action, setting forth as follows: 
In view of the Hearing of the 19th of June 2024 at which the spouses submitted their agreed conclusions. In view of the order of the 15th of July 2024 extending the deadline for the parties to provide the Court with information concerning their pension assets.
In view of the letters from C.B. dated of the 29th of July 2024 and from D.S.S. dated of the 3rd of July 2024 providing the clarifications requested.
Whereas the agreed conclusions entered into by the parties may be ratified, insofar as they comply with articles 114 ss and 276 ss CC.
The foreign Judgment further sets forth in paragraph 19 as follows:
Gives D.S.S. formal notice that he undertakes to take the necessary steps to divide the amount of his 2nd pillar contributions made in the United States between the 25th of June 1996 and the 31st of December 2023, as soon as the divorce decree becomes res judicata.
The "Agreed Conclusions" from the Court in Switzerland sets forth in part as follows:
In view of the unilateral petition for divorce with no cause filed on the 9th of January 2024 at the Registry of the Court of First Instance by the petitioner.
Whereas the parties have pursued discussions with a view to finding a compromise solution to the terms of their divorce,
Whereas to date, they have reached a complete agreement,
The parties conclude that
Part F, paragraphs 20 and 21 of the "Agreed Conclusions" sets forth as follows: 
F: About occupational pension plans
20. Order the division by two of the parties occupational pension assets in Switzerland on the date of the 31st of December 2023.
21. Give D.S.S. formal notice that he undertakes to take the necessary steps to divide the amount of his 2nd pillar contributions made in the United States between the 25th of June 1996 and the 31st of December 2023, as soon as the divorce decree becomes res judicata.
The "Agreed Conclusions" representing the agreement of the parties is signed by both parties and their counsel. As both parties appeared in the action and participated in the proceedings before the foreign Court, this Court deems that due process, as would be required in this state, has been met.
It is well settled that "comity should be extended to uphold the validity of a foreign divorce decree absent some showing of fraud in the procurement or that recognition of the judgment would do violence to some strong public policy of the state." (See Azim v Saidazomova, 280 AD2d 566, 720 N.Y.S. 2d 561 (2d Dept. 2001).
"The fundamental principle of private international law reflects a strong public policy favoring recognition of foreign judgments, a policy founded upon the desirability of putting an end to litigation and encouraging the uniform enforcement of private rights wherever derived, and New York has adopted a liberal policy of recognition." (54 NY Jur. 2d Enforcement and Execution of Judgments Sec. 352).
This Court, having reviewed the Agreement and foreign Judgment of the parties, as well as the Affirmations of both parties finds that no fraud was committed in its procurement, nor is the Judgment counter or offensive to the public policy of this State. The Agreed Conclusions and the Judgment reflect the division of assets and provisions for the support of their children. Based upon same, this Court hereby recognizes the foreign divorce Judgment entered in the Court of First Instance 19th Chamber, Republic and Canton of Geneva dated August 15, 2024.
In light the recognition of the foreign Judgment, as well as the Affirmations of both parties acquiescing to the issuance by this State of a Domestic Relations Order, this Court shall recognize a proposed Domestic Relations Order to equitably divide the Plaintiff's retirement account in the United States, in accordance with the terms of the parties Agreement and Judgment. 
Plaintiff is directed to serve a copy of the proposed Domestic Relations Order with Notice of Settlement upon the Wife by personal service and via mail and submit same to this Court for judicial signature with the proper documentation, along with a copy of this Order giving recognition to the foreign Judgment.
NOW, it is hereby
ORDERED that the Plaintiff's application seeking recognition of a foreign divorce Judgment entered in the Court of First Instance 19th Chamber, Republic and Canton of Geneva dated August 15, 2024, is hereby GRANTED, and the Judgment is hereby recognized by this State; and it is further
ORDERED that the Plaintiff's application for the issuance of a Domestic Relations Order dividing the Plaintiff's retirement with Columbia University pursuant to the terms of the Divorce Judgment is hereby GRANTED, and the Plaintiff is directed to serve a copy of the proposed Domestic Relations Order with Notice of Settlement upon the Defendant by personal service and by mail; and it is further
ORDERED that Plaintiff is directed to file the proposed Domestic Relations Order with Notice of Settlement, Affidavit of Service, along with all other necessary documents and a copy of this Order with the Court for judicial signature; and it is further
ORDERED that Plaintiff is directed to serve a copy of this Order upon the Defendant by personal service and by regular mail.
The foregoing constitutes the Order of this Court.
Dated: April 29, 2025
Central Islip, New York
HON. ALFRED C. GRAF
J. S. C.

Footnotes

Footnote 1:U.S. Const. Article IV, Section 1.